IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRAMAINE BEADLES,
                Petitioner,
    v.           CASE NO. 12-3126-RDR
UNITED STATES,
                Respondent.


TRAMAINE BEADLES,
                Petitioner,
    v.           CASE NO. 12-3127-RDR
UNITED STATES,
                Respondent.


TRAMAINE BEADLES,
                Petitioner,
    v.           CASE NO. 12-3138-RDR
UNITED STATES,
                Respondent.


**O R D E R**

    Before the court are three habeas corpus petitions captioned hereinabove, submitted pro se by a prisoner in federal custody. In October 2011, a jury found Tramaine Beadles guilty of one count of bank robbery. *U.S. v. Beadles*, Case No. 10-40118-JAR. On May 29, 2012, the district court judge in that case imposed a sentence that included a 210 month prison term, and denied Mr. Beadles' post-conviction motions.

    In each petition, Mr. Beadles alleges error in his criminal proceeding. He filed two of the instant cases prior to his scheduled

sentencing hearing, and the third shortly after entry of the sentencing judgment.  The court liberally construed each pro se pleading, submitted on a form petition for seeking habeas corpus relief under 28 U.S.C. § 2254, as filed under 28 U.S.C. § 2241.  Having examined the petitions, the court dismisses each without prejudice.

A § 2241 petition is proper to challenge the execution of a sentence, but it is not an appropriate vehicle to challenge the legality of a federal conviction or sentence.  *See Licon v. Ledezma*, 638 F.3d 1303, 1311 (10th Cir.2011).  Once a direct appeal is decided or the time for filing a direct appeal has expired, a motion filed under 28 U.S.C. § 2255 in the sentencing court is the exclusive remedy for testing the validity of a criminal judgment and sentence.  Section 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255."  *Williams v. United States*, 323 F.2d 672, 673 (10th Cir.1963) (per curiam).  Review under § 2241 is available only upon a showing that the remedy provided by § 2255 is inadequate or ineffective.  *See Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir.1965)(per curiam).

Accordingly, where review of Mr. Beadles' allegations of error in his criminal proceeding remains available through a direct appeal filed in his criminal case, and where there is nothing to suggest the remedy available to Mr. Beadles under § 2255 is inadequate or ineffective, the court concludes each petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner is granted provisional leave to proceed in forma pauperis in each of the three cases captioned herein, and that each petition is dismissed without prejudice.

DATED:  This 7th day of June 2011, at Topeka, Kansas.


    s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge